Janis IELOUCH and Ayman Ielouch, Appellants,

v.

WARSAW R–IX SCHOOLS, Respondent.

No. WD 50512.

Missouri Court of Appeals, Western District.

Aug. 29, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied Nov. 21, 1995.

John E. Turner, Kansas City, for appellants.

George Kosta, St. Louis, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

Janis and Ayman Ielouch claim that Warsaw R–IX Schools should be responsible for damages arising from an automobile accident

because of where the school put its driveway. Although the district enjoys sovereign immunity, the Ielouchs assert that the driveway is a dangerous condition and the state has waived immunity for such conditions. We disagree and affirm the circuit court's dismissal of the lawsuit.

When we review a circuit court's granting of a motion to dismiss, we give the pleadings their broadest intendment, treat all alleged facts as true, and construe the allegations favorably to the plaintiff. *Ritterbusch v. Holt*, 789 S.W.2d 491, 492 (Mo. banc 1990). We have taken all of the facts set out below from the Ielouchs' petition and deem them to be accurate.

On January 27, 1992, Janis Ielouch was driving east on Mo. 7 when she began a left turn into the school's driveway. A car coming from the opposite direction crashed into her car. She was severely injured.

On March 8, 1993, the Ielouchs filed a four-count lawsuit against the Missouri Highway and Transportation Commission and the school district. Count II made these allegations against the school district:

> ... [Janis Ielouch's] injury was caused by a dangerous condition on the property of the ... school district. The dangerous condition of the property consisted of an entrance driveway to the school which was located near Highway 7 at a location where there was inadequate sight stopping distance, thus creating a condition whereby drivers entering the school district property would be subjected to the hazard and danger of oncoming traffic. The dangerous condition of the property also consisted of curb-cut on the highway at a location which permitted and authorized and invited vehicles to turn into the driveway at a location where the sight stopping distance was such that oncoming traffic was obscured from vision, thus subjecting drivers turning onto the school property to being struck by oncoming traffic.
>
> ... The dangerous condition of the property also consisted of the fact that the driveway was located where oncoming traffic was obscured from vision and there were no signs posted to warn of the condition.
>
> ... The ... school district had actual notice of the dangerous condition on its property prior to the collision which is involved in this case....
>
> ... As a direct result of the negligence of ... Warsaw R–IX School District, the dangerous condition which was created on its property and which was permitted to exist and which was further made dangerous by the lack of signage and warnings, ... Janis Ielouch sustained a severe personal injury.
>
> ... [Janis Ielouch] sustained personal injuries which are permanent and ongoing. [She] incurred spinal cord injury which resulted in paralysis. She incurred medical expenses, has undergone hospitalization and has suffered from pain and mental anxiety.

Count IV of the petition alleged that Ayman Ielouch lost the services, companionship, comfort and consortium of his wife as a result of the accident and prayed for judgment against the school district. The two remaining counts of the petition were directed at the commission.

On April 8, 1993, the school district filed a motion to dismiss in which it asserted that it was immune from suit because it was a political subdivision of the state and thereby enjoyed immunity which had not been waived. The circuit court granted the motion to dismiss the school district on May 19, 1993. On December 27, 1994, the Ielouchs dismissed their claims against the commission without prejudice so that they could proceed with this appeal.

The Ielouchs' only point on appeal is that the trial court erred in dismissing their petition because it stated a cause of action against the school district under the waiver provisions of the sovereign immunity statute, § 537.600, RSMo 1994. They assert that the petition pleaded the required elements of a cause of action. We disagree.

Section 537.600 provides:

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modi-

fied by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

. . . .

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

To avoid sovereign immunity, a petition must allege (1) a dangerous condition of the property, (2) an injury directly caused by the dangerous condition, (3) the dangerous condition created a reasonably foreseeable risk of harm of the kind that plaintiff incurred, and (4) a public employee negligently created the dangerous condition or had actual or constructive notice of the condition.

■ The Ielouchs contend that the dangerous condition causing Janis Ielouch's injuries included improper placement of the driveway. Assuming, *arguendo,* that the driveway's placement could constitute a dangerous condition,[1] the Ielouchs have a higher hurdle: showing that the driveway was the *direct* cause of Janis Ielouch's injuries. In this context, the term "direct cause" is synonymous with "proximate cause," or a "cause which directly, or with no mediate agency, produces an effect." *Theodoro v. City of Herculaneum,* 879 S.W.2d 755, 759 (Mo.App.

1994). The Ielouchs failed to clear this hurdle.

■ The driveway was not the proximate cause of the accident. Its role was to cause Janis Ielouch to choose that spot to make her left turn—a spot where she had a legal right to turn. As pleaded by the Ielouchs, the direct cause of the accident was that "the sight stopping distance [being] such that oncoming traffic was obscured from vision . . . and there were no signs posted to warn of the condition." The Ielouchs also pleaded that the driveway "invited" Janis Ielouch to turn left into the dangerous condition. This demonstrates that the driveway was not the direct cause. Her decision to accept the "invitation" at that moment and the actions by the driver of the oncoming car intervened to directly cause Janis Ielouch's injuries. The driveway was merely an indirect cause, insufficient to support waiver of sovereign immunity.

■ Although the Ielouchs contend that a dangerous condition was created by the school district's failure to post warning signs, they do not establish that the school district had the duty or even the right to post signs. The general rule is that the duty to maintain public highways lies with the municipality. *Cohen v. West County Motor Company,* 877 S.W.2d 143, 145 (Mo.App.1994).

The Ielouchs contend, however, that the special use exception to this general rule applies in this case. This exception applies when an abutting property owner uses a public roadway for a purpose other than a public roadway, such as a driveway. *Id.* The Ielouchs' petition did not allege that the school district was using Highway 7 for a purpose other than for its intended purpose. Their contention is without merit.

They also cite *Smith v. Missouri Highway and Transportation Commission,* 826 S.W.2d 41 (Mo.App.1992), *Donahue v. City of St. Louis,* 758 S.W.2d 50 (Mo. banc 1988), and *Wilkes v. Missouri Highway and Transportation Commission,* 762 S.W.2d 27 (Mo.

---

1. This is an assumption we seriously question in light of *Alexander v. State,* 756 S.W.2d 539 (Mo. banc 1988); *Johnson v. City of Springfield,* 817 S.W.2d 611 (Mo.App.1991); and *Hedayati v. Helton,* 860 S.W.2d 795 (Mo.App.1993). These

cases define "dangerous condition" as a physical deficiency on a public entity's property whose existence creates a danger of injury without a third party's intervention.

banc 1988), in support of their contention that sovereign immunity can be waived because of a dangerous intersection, lack of warning signs, or a negligently constructed roadway and bridge. We do not question the reasoning of these cases, but all of them dealt with claims against a municipality or the commission—entities with control over the roadway. We do not find them instructive in this case.

We affirm the judgment of the circuit court dismissing the Ielouchs' petition against the Warsaw R–IX Schools.

All concur.