Janis **IELOUCH** and Ayman Ielouch, Appellants,

v.

The **MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION,** Respondent.

No. WD 54364.

Missouri Court of Appeals, Western District.

May 26, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1998.

Application for Transfer Denied Aug. 25, 1998.

---

J. Kirk Rahm, Sedalia, for Appellants.

Zachary Taylor Cartwright, Jr., Jefferson City, for Respondent.

SPINDEN, Judge.

Janis and Ayman Ielouch sued the Missouri Highway and Transportation Commission for damages arising from a 1992 automobile crash on Mo. 7 near Warsaw. They contended that a hillcrest obscured motorists' vision of a school entrance and made the highway unsafe. They asserted that the commission had a duty to remedy the danger or to warn motorists of it. A jury returned a verdict for the commission, and the Ielouches appeal.

They assert that the circuit court erred in giving the commission's affirmative defense instruction and in excluding a memorandum regarding a Department of Transportation engineer's recommendation for roadside flashers near the school entrance. We reverse the circuit court's judgment and remand for a new trial.

The evidence established that on January 27, 1992, Janis Ielouch was driving her car into the driveway of Warsaw R–IX South Elementary School from Mo. 7 when an oncoming car crashed into her car. She was severely injured.

On March 8, 1993, the Ielouches filed a four-count lawsuit against the commission and the Warsaw R–IX School District. On May 19, 1993, the circuit court granted the school district's motion to dismiss it from the lawsuit. On December 27, 1994, the Ielouches dismissed their claims against the commission without prejudice so they could appeal the dismissal immediately. We affirmed the dismissal. *Ielouch v. Warsaw R–IX Schools*, 908 S.W.2d 769 (Mo.App.1995).[1] The Ie-

---

1. The commission contends that in that case we held that Janis Ielouch's injuries resulted directly from her own conduct and the action of the other driver and not from any dangerous condition created by locating the school driveway at a hillcrest. In that case, we reviewed the circuit court's granting of a motion to dismiss, so we gave the pleadings their broadest intendment, treated all alleged facts as true, and construed the allegations favorably to the plaintiff. We held, "As pleaded by the Ielouchs, the direct cause of the accident was that 'the sight stopping distance [being] such that oncoming traffic was obscured from vision ... and there were no signs posted to warn of the condition.' The Ielouchs also pleaded that the driveway 'invited' Janis Ielouch to turn left into the dangerous condition. This demonstrates that the driveway was not the direct cause. Her decision to accept the 'invitation' at that moment and the actions by the driver of the oncoming car intervened to directly cause Janis Ielouch's injuries. The driveway was merely an indirect cause, insufficient to support Ie-

louches then refiled their claims against the commission.

The Ielouches alleged that the highway did not have adequate sight distance at the location where the accident occurred and that the commission failed to remedy or to warn of the dangerous condition created by the inadequate sight distance. The circuit court submitted this verdict-directing instruction to the jury:

In your verdict you must assess a percentage of fault to defendant whether or not plaintiff was partly at fault if you believe:

First, there was a hill crest on defendant's highway near the driveway to the school that obscured the vision of motorists, and as a result the defendant's highway was not reasonably safe for motorists, and

Second, defendant knew or by using ordinary care could have known of this condition in time to remedy or warn of such condition, and

Third, defendant failed to use ordinary care to remedy or warn of such condition, and

Fourth, such failure directly caused or directly contributed to cause the collision plaintiff was involved in, unless you believe plaintiff is not entitled to recover by reason of Instruction Number 7[, the affirmative defense instruction].

The phrase "ordinary care" as used in this instruction means that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

The circuit court submitted this instruction concerning the commission's affirmative defense:

In your verdict you must not assess a percentage of fault to defendant, if you believe:

First, Route 7 was designed and constructed prior to September 12, 1977, and

Second, Route 7 at the location of the school driveway entrance reasonably complied with highway and road design standards generally accepted at the time the highway was designed and constructed.

■ On appeal, the Ielouches contend that the verdict-directing instruction was not based on a defective design theory of recovery, so the circuit court erred in giving the jury the affirmative defense instruction.[2] They assert that the theory of their case was the commission's failure to warn of the highway's dangerous condition,[3] so the affirmative defense provided for in § 537.600.1(2), RSMo 1994, did not apply to their case.

Section 537.600.1(2) waives sovereign immunity for:

Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. In any action under

waiver of sovereign immunity." 908 S.W.2d at 771. In that case we dealt only the issue of whether the driveway was the direct cause of Janis Ielouch's injuries based upon the pleadings. We did not have before us the issue of whether or not the inadequate sight distance and the failure to warn constituted a dangerous condition.

2. In the argument portion of their brief, the Ielouches also argue that the evidence was insufficient for the circuit court to instruct the jury on the commission's affirmative defense. This contention, however, was not included in the Ie-

louches' point relied on. We will not consider errors raised only in the argument under a point relied on and not raised in the point relied on. *Unlimited Equip. Lines, Inc. v. Graphic Arts Centre, Inc.,* 889 S.W.2d 926, 932 n. 1 (Mo.App. 1994).

3. The Ielouches acknowledge that the commission had posted signs on the highway—warning of a school, of a curve, and of a crossroad—but they argue that these were inadequate to warn of the need for additional caution created by the school entrance's being hidden by a hill.

this subdivision wherein a plaintiff alleges that he was damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective, or dangerous design reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed.

In this statute, the General Assembly has carved out an exception to its waiver of sovereign immunity for contentions that a plaintiff was injured by the negligent, defective or dangerous design of a highway or road designed and constructed before September 12, 1977, provided the other criteria are satisfied. The evidence in this case established that Mo. 7 at the crash site was designed and constructed before September 12, 1977.

The circuit court did not err in giving the affirmative defense instruction. The Ielouches contended that the commission was liable because it failed to remedy the dangerous condition and failed to warn adequately of it. Subsumed within the Ielouches' contention of failure to *remedy* the dangerous condition could have been a contention of failure to correct the highway's design fault, a hillcrest obscuring motorists' vision of a school entrance. The jury was not told what remedy the commission failed to employ; therefore, it was free to conclude that the commission was liable for not correcting the highway's allegedly improper design. This allowed the commission to take advantage of the defense permitted by § 537.600.1(2), provided that it established that it designed and constructed the highway before September 12, 1977, in a way that "reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed."

In the same verdict-directing instruction, however, was the Ielouches' contention that the commission failed to warn of the dangerous condition. This alleged a dangerous condition generally as opposed to negligent design. *Johnson v. City of Springfield,* 817 S.W.2d 611, 613–15 (Mo.App.1991). *See also Donahue v. City of St. Louis,* 758 S.W.2d 50, 53–54 (Mo. banc 1988) (Robertson, J., dissenting).

The affirmative defense of § 537.600.1(2), therefore, had no application to the Ielouches' contention concerning failure to warn. The circuit court erred in instructing the jury in such a way that suggested that either theory of recovery—failure to remedy a dangerous condition or failure to warn adequately—was barred because the commission designed and constructed Mo. 7 before September 12, 1977. Had the jury concluded that the commission's only fault was failure to warn adequately, the circuit court's instruction still instructed the jury to rule for the commission if it found that the highway met the criteria of § 537.600.1(2). This was reversible error. We remand for a new trial. On retrial, the circuit court's jury instructions must correlate the commission's affirmative defense only to allegations of negligent, defective, or dangerous design of the highway, if any.

 The Ielouches also complain that the circuit court erred in excluding from evidence a memorandum in which Department of Transportation personnel discuss and recommend the need for warning flashers at the site. We agree with the Ielouches that although evidence of subsequent remedial measures is inadmissible as proof of antecedent negligence, the evidence may be admissible to prove ownership or control, to establish the feasibility of precautionary measures when the issue is in dispute, and for use for impeachment or rebuttal. *Rust v. Hammons,* 929 S.W.2d 834, 837 (Mo.App. 1996).

The department's traffic engineer, Wallace Campbell, testified that warning flashers in school areas would be ineffective and not recommended by the department. The circuit court should have allowed the Ielouches to use the memorandum to challenge Campbell's testimony. The memorandum, written by Scott Stotlemeyer, the department's traffic studies engineer, said:

The Benton County Warsaw R–IX School District has requested approval for the installation of a set of roadside flashers to be used in conjunction with a school advance zone. These warning devices are to be located near Warsaw South Elementary School on Route 7 in Benton County. The School District has verbally agreed to operate the beacons for a duration of 45 minutes in both the morning and afternoon as well as for special events.

A site visit to that location has indicated that the installation, as requested is appropriate. Our office recommends that conceptual approval of this request be granted.

Because the memorandum directly concerned the feasibility of precautionary measures in dispute and because the memorandum rebutted Campbell's testimony, the circuit court should have allowed the Ielouches to put it into evidence. If this issue arises on retrial, the circuit court shall allow use of the memorandum.

We reverse and remand to the circuit court for a new trial.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.