**Karl JACOBS, Plaintiff–Appellant,**

**v.**

**Clifford ROSCHEVITZ and Freida Roschevitz, Defendants– Respondents.**

**No. 23267.**

Missouri Court of Appeals, Southern District, Division Two.

June 27, 2000.

Robert W. Evenson, Evenson & Carlin, L.L.C., Pineville, for Appellant.

Wendy E. Garrison, Wells & Garrison, Neosho, for Respondent.

JAMES K. PREWITT, Judge.

Plaintiff appeals from a judgment entered after Plaintiff presented his evidence in a non-jury trial. Plaintiff filed a three-count petition seeking quiet title, easement of ingress and egress by adverse user, and an injunction. At issue is the right of Plaintiff to own or use a "driveway" to his house that crosses real property whose record title is held by Defendants.

Following the presentation of Plaintiff's evidence, Defendants' then-counsel made "a motion for summary judgment." Following argument of counsel, the trial judge announced, "The motion for directed verdict will be sustained, granted." Thereafter, judgment was entered.

■ It is readily apparent that neither summary judgment (*see* Rule 74.04) nor a directed verdict was applicable to this proceeding. Case law tells us that appellate courts treat a motion for directed verdict at the close of plaintiff's evidence in a non-jury matter as a motion to dismiss for failure to make a submissible case or a motion for judgment. *Missouri Farmers Ass'n, Inc. v. Campbell,* 754 S.W.2d 596, 600 (Mo.App.1988). *See also Wyrozynski v. Nichols,* 752 S.W.2d 433, 435–37 (Mo. App.1988).[1]

■ In a trial without a jury, Rule 73.01(b) provides that "[a]fter the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief." The trial judge, on such a motion, can weigh the evidence, believe or disbelieve, and decide against the plaintiff, even if the plaintiff made a prima facie case. *Green v. Stanfill,* 612 S.W.2d 435, 436 (Mo.App.1981). We conclude, however, from the nature of the motion and the court's comments, that the judge did not do so, but determined that the Plaintiff did not make a submissible case for the judge to consider even if the judge believed Plaintiff's evidence.

Plaintiff concedes that Defendants are record owners of the land in dispute, which consists of 52 feet fronting Lentz Street in the town of Stella, and is situated between Lots 2 and 3. A portion of this property includes a driveway that provides access from Lentz Street to a convenience store parking lot located on Lot 2, owned by Defendants. This driveway also provides the only access to Appellant's home located on Lot 3.

In 1977, Nona Harmel purchased title to Lot 3 along Lentz Street. She testified that when she inspected the property with the previous owner, Mr. Douthitt, she was told that the driveway and "about two feet over" was hers. She lived there for approximately four years when she conveyed title to the subsequent owners, Al and

---

1. A verdict is the formal decision or finding by the jury. BLACK'S LAW DICTIONARY, p. 1559, 6th ed. (1990). A directed verdict orders the jury to return a verdict for a particular party or parties. *Id.* at 1560.

Elsie Lovell. Ms. Harmel testified that she told the Lovells the same: that the driveway and two feet beyond was the boundary.

Apparently, Al and Elsie Lovell were parents to Sharron McCain, who along with her husband, James, leased the property to Plaintiff in 1987, with an option to purchase. Plaintiff testified he has held title to the property since 1991, has paid the real estate taxes thereon since that date, and has used the driveway as his only access to his home and garage since he began living there.

On December 9, 1998, Plaintiff came home and found that the driveway had been bulldozed, and what remained was a steep, rocky embankment that was difficult to traverse. The work had been contracted by adjoining landowner, Clifford Roschevitz, with the intention of erecting a fence across the property line. On December 17, 1998, Plaintiff requested that Defendants remedy the driveway situation, and on March 8, 1999, Plaintiff filed a three-count petition in the Circuit Court of Newton County. A non-jury trial was held September 14, 1999.

In support of his claim, Plaintiff submitted 1997 and 1998 real estate tax receipts whereupon an abbreviated property description describes his lot with a 152–foot frontage. Plaintiff testified he began receiving the tax statements in 1991. An aerial photo was also submitted (purportedly from the Newton County Assessor) which designated the frontage measurement along Lot 3 on Lentz Street as 152 feet. Plaintiff further testified that on prior visits to the recorder's office or assessor's office (he was not clear as to which one), he had checked out maps of the property in his record title, with the assistance of personnel there, and was told by them that the driveway was included as part of his property.

A general warranty deed executed by James E. and Sharron D. McCain and notarized on February 16, 1991, and a lease agreement between the McCains and Appellant entered into March 5, 1991, both contain legal descriptions of Lot 3 that designate 100 feet of frontage along "Grove Street."

We believe that no submissible case was made to establish title in Plaintiff to the exclusion of Defendants, but that Plaintiff did present sufficient evidence to perhaps receive an easement over Defendant's property, due to adverse user.

■ As Defendants urged, the law does not favor prescriptive easements. *Homan v. Hutchison,* 817 S.W.2d 944, 947–48 (Mo.App.1991). One who claims the right to an easement has the burden to establish all of the essential elements by clear and convincing evidence. *Id.*

■ The method by which prescriptive rights are acquired is akin to the acquisition of title to real estate by adverse possession. *Homan,* 817 S.W.2d at 948. In contrast to adverse possession, a prescriptive easement is defined solely by its use during the prescriptive period. *Umphres v. J.R. Mayer Enterprises, Inc.,* 889 S.W.2d 86, 90 (Mo.App.1994). The period of prescription is ten years. *Homan,* 817 S.W.2d at 947.

■ Visual, actual use commonly serves as notice to the landowner. *Phillips v. Sommerer,* 917 S.W.2d 636, 641 (Mo.App.1996). Notice can be actual or constructive, and the trier of fact can infer it from the facts. *Id.*

■ Here, there was evidence that Plaintiff as a lessee and owner had used the land for at least the previous twelve years as a driveway to reach his house and that prior owners had done likewise. The evidence indicated that these owners and users thought they were doing so as a matter of right. Ms. Harmel testified that she could not remember the driveway in question connecting to the parking lot of the convenience store next door, and she believed the driveway led only to her home when she was record owner. She further

stated she had relied on the previous owner's statements that the driveway belonged with her property and had always used it in accessing her property. Plaintiff testified he had maintained the driveway since he had moved there, including blading and spreading gravel, and that there had never been an issue regarding the driveway.

The judgment is reversed and the cause remanded for a new trial to determine if Plaintiff is entitled to the easement sought.

GARRISON, C.J., and BARNEY, J., concur.