The MARY S. RIETHMANN TRUST, and Louis W. Riethmann, Jr., and John D. Schaperkotter, Trustees of the Mary S. Riethmann Trust and Statutory Personal Representatives of the Estate of Mary S. Riethmann, Deceased, Appellants,

v.

DIRECTOR OF REVENUE, Respondent.

No. SC 83324.

Supreme Court of Missouri, En Banc.

Oct. 23, 2001.

Juan D. Keller, B. Derek Rose, St. Louis, Edward F. Downey, Jefferson City, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Erwin O. Switzer, Asst. Atty. Gen., St. Louis, for respondent.

JOHN C. HOLSTEIN, Judge.

The trustees of the Mary S. Riethmann Trust and the personal representatives of Riethmann's estate (the trust) request the reversal of a decision by the Administrative Hearing Commission in favor of the Missouri Director of Revenue (the director). The commission held that the trust owes over three million dollars in

estate taxes, plus interest. The trust argues it cannot owe any Missouri estate tax because its federal estate tax liability is zero. Because this case involves the construction of a state revenue law, this Court has exclusive appellate jurisdiction. *Mo. Const. art. V, sec. 3.* The commission's decision is reversed.

## FACTS

When her father passed away in 1995, Mary S. Riethmann was the primary beneficiary of his estate and revocable trust, inheriting $22,484,350 and the benefit of a one million-dollar trust. Her father's estate filed state and federal estate tax returns and paid Missouri around eight million dollars in estate taxes.

Less than two years later, Riethmann died. Her estate consists primarily of assets she inherited from her father. Because of how close in time Riethmann's death was to her father's, the trust was able to claim a federal prior transfers tax credit for all of the property she had inherited from him. *See* 28 U.S.C. 2013 (1994). Because of this and other exemptions, the Internal Revenue Service concluded that the trust owed no federal estate taxes.

The trust also filed a Missouri estate tax return, claiming that it owed no Missouri estate tax. But the director, after examining the trust's return, issued a notice of deficiency, stating that the estate owed over three million dollars in taxes, plus interest and penalties. After the trust protested, the director dropped the claim for penalties but issued a final decision upholding the amount of the deficiency and the interest. The trust sought review with the Administrative Hearing Commission. It upheld the director's decision.

## ANALYSIS

A decision of the Administrative Hearing Commission is upheld when: (1) it is authorized by law, (2) supported by competent and substantial evidence, (3) it does not violate a mandatory procedural safeguard, and (4) only when the exercise of authority in question does not create a result contrary to the reasonable expectations of the legislature at the time it delegated the authority to the agency. *§ 621.193.*[1] In this case, the commission's decision is not authorized by the controlling law.

The general purpose of section 145.011 may be gleaned from its text. The clear purpose is to pickup revenue that would otherwise go to the federal treasury. It generally requires that an estate pay a portion of its overall federal tax liability to the state instead of to the federal government. Federal law permits estates a tax credit against their federal estate tax liability for estate "taxes actually paid to any State," 26 U.S.C. § 2011 (1994), subject to certain limitations not relevant here. Our statute, § 145.011, builds off of the framework of the federal tax credit and provides that the Missouri estate tax is "the maximum credit for state death taxes allowed by Internal Revenue Code Section 2011 but not less than the maximum credit for state death taxes allowable to the estate of a decedent against the federal estate tax . . . ." *§ 145.011.* Thus, the overall tax liability of the estate is not increased by Missouri law; the state only gets to take a piece of the federal tax pie.

Reinforcing the conclusion that it was not intended to increase the tax burden is the legislative history of section 145.011. The inheritance tax, the only independent tax assessed on death prior to the enactment of Missouri's estate tax, was repealed

1. Unless otherwise noted, all citations are to    RSMo.2000.

in the same bill that adopted section 145.011. 1980 Mo. Laws 303–04. The net effect of enacting the tax credit language and repealing the inheritance tax was to eliminate any tax burden on estates other than that existing under federal law.

■■■ The conflict in this case centers on the meaning of two words in sec. 145.011: "allowed" and "allowable." When examining statutory language, the plain and ordinary meaning of the specific words used must be followed. *Ports Petroleum Co., Inc. of Ohio v. Nixon,* 37 S.W.3d 237, 240 (Mo. banc 2001). Following the plain and ordinary meaning of a statute is the primary way this Court ascertains the intent of the legislature in adopting a statute and gives effect to it. *Murray v. Missouri Highway & Transp. Com'n,* 37 S.W.3d 228, 233 (Mo. banc 2001). Courts may look outside the plain meaning of the statute only when the language is ambiguous or would lead to an illogical result. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 258 (Mo. banc 1998).

The term "allowed" is not ambiguous. Both the trust and the director agree that the credit "allowed" is the amount by which the federal estate tax liability is reduced by actual payment of state death taxes. However, the term "allowable" has a more elusive meaning. It may mean, as argued by the director, the amount that would be allowed as a credit even if the federal estate tax can be reduced or wholly eliminated by other credits. But it may also mean the amount of credit permitted against the actual federal estate tax payable after all other credits are taken, as is argued by the trust.

■■■ The Court adopts the latter interpretation for several reasons. First, as noted above the clear legislative purpose was not to create a new Missouri estate tax burden, but merely to insure the state shared in the federal tax pie. Second, the

text of section 145.011 defines our minimum estate tax as the maximum credit "allowable *against the federal estate tax.*" Meaning must be given not just to the word "allowable" but also to the entire text of the clause in which it appears. *Spradlin,* 982 S.W.2d at 262. The emphasized language suggests that in order to be obligated to pay the state's tax, some federal tax must be assessed. In this case no federal tax was assessed. Finally, where a statute imposes a tax and contains an ambiguity, the statute will normally be construed more favorably to the taxpayer and against the state. *American Healthcare v. Director of Revenue,* 984 S.W.2d 496, 498 (Mo. banc 1999). Here, that rule of construction militates in favor of the more narrow meaning; if no federal estate tax is due after allowed deductions and credits other than the state death tax credit have been taken, there is no credit allowable and no estate tax is due the state of Missouri.

The director marshals three arguments against this construction. First, the director argues that under a plain meaning reading of the statute, an "allowable" credit is one that is "permissible: not forbidden." Because the federal statute does not forbid the taking of a state death tax credit, the director reasons, the credit is allowable and the trust owes the state tax. However, that excessively broad reading fails to account for the qualifying words "against the federal estate tax" that describe what credit is allowable. As noted above the entire text of the statute must be given meaning, not just the word "allowable."

The director's next line of attack is that the federal estate tax is structured so that the state death tax credit is subtracted from the federal estate tax before the prior transfers credit is subtracted. He claims a proper Form 706 would show an

allowable state death tax credit on line 15. His argument is basically that the order in which the calculations are made on the federal estate tax form, Form 706, and the order in which the two credits appear in the federal tax code indicate that the state death tax credit is to be "allowed" before the prior transfers credit is calculated. But this ordering of credits argument is unpersuasive. As the director concedes, the federal government does not care which line the credit in this case is taken on because the net result is the same; no federal estate tax is due. The order in which the credits appear on the tax form or in the United States Code is little evidence of the General Assembly's intent when it used the term "allowable" in its enactment of section 145.011.

Finally, the director argues that a construction favorable to the trust has the effect of construing the term "allowed" in the first clause of § 145.011 and the term "allowable" in the second clause of the statute as synonymous. The director claims this construction runs afoul of the rule of construction that every word or clause of a statute is to be given effect. *Hyde Park Housing Partnership v. Director of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993). But as noted above, the terms have different meanings. A tax credit "allowed" is one that is actually taken with the approval of the taxing authority. An "allowable" tax credit is one that actually would have reduced the tax burden but which was not taken. Absent the use of the word "allowable" a taxpayer could argue that she has the option of paying the entire tax to the federal government.[2] The director's arguments not withstanding, there is no federal estate tax liability in this case even though the state death tax credit is not used. Thus, no credit was allowable.

## CONCLUSION

The clear legislative purpose to limit state death taxes to those that are deducted from federal estate taxes actually due, the text's suggestion that "allowable" is to be understood along with the phrase "against the federal estate tax," and the rule of construction that ambiguities in a statute imposing a tax are to be construed favorably to the taxpayer all lead to the same conclusion. Because the trust owed no federal estate tax, it can have no Missouri estate tax liability. The decision of the Administrative Hearing Commission is hereby reversed.

All concur.

---

**2.** That appears to be exactly what occurred in *State Department of Revenue v. Eberbach*, 535 N.E.2d 1194 (Ind.1989). The taxpayer successfully argued that an Indiana statute imposing a tax equal to the state death tax credit "allowed" by the federal statute only created liability for the "actual credit taken."