**AMERICAN NATIONAL LIFE INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**DIRECTOR OF REVENUE and Director of Insurance, Respondents.**

No. SC 89064.

Supreme Court of Missouri, En Banc.

Nov. 4, 2008.

Andrew J. Mytelka, Greer, Herz & Adams, LLP, Galveston, TX, Richard S. Brownlee, III, Keith A. Wenzel, Hendren Andrae LLC, Jefferson City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Mark W. Stahlhuth, Dept. of Insurance, Financial Institutions & Professional Regulation, Jefferson City, MO, for respondents.

WILLIAM RAY PRICE, JR., Judge.

American National Life Insurance Company of Texas (American National) seeks review of the Administrative Hearing Commission's (AHC) decision that stop-loss policy premiums are subject to the direct premium tax in section 148.340.[1] This Court has jurisdiction because a state revenue statute must be construed. Mo. Const. art. V, section 3.

The decision is affirmed. The direct premium tax in section 148.340 applies to consideration paid by an insured directly to an insurer for a contract of insurance.

### I. Facts and Procedure

American National is a Texas-domiciled insurance company that sells stop-loss insurance policies in Missouri to employers who maintain self-funded health benefit plans. Under the plan, the employer pays health care expenses for employees. The employee does not pay a specific amount to the employer for the health benefit. The employer purchases stop-loss insurance, in which the insurer reimburses the employer for large expenses over a specific amount. The policy is purchased to limit the employer's liability.

From 2001 to 2003, American National did not report stop-loss policy premiums as direct premiums and did not pay the direct premium tax specified in section 148.340. In 2004, the department of insurance notified American National that the premium tax was re-certified and the amount due was $10,668 for 2001, $6,246 for 2002, and $7,377 for 2003. American National paid the tax under protest and filed a claim for refund, which the department of revenue denied. On review, the AHC found American National was not entitled to a refund because the stop-loss policy premiums were direct premiums and subject to the premium tax in section 148.340.

---

1. All statutory references are to RSMo 2000, unless otherwise noted. Section 148.340, RSMo 2000, states:

    Every insurance company or association not organized under the laws of this state, shall, as provided in section 148.350, quarterly pay tax upon the **direct premiums received,** whether in cash or in notes, in this state or on account of business done in this state, for insurance of life, property or interest in this state at the rate of two percent per annum in lieu of all other taxes, except as in sections 148.310 to 148.461 otherwise provided, which amount of taxes shall be assessed and collected as herein provided; provided, that fire and casualty insurance companies or associations shall be credited with canceled or return premiums actually paid during the year in this state, and that life insurance companies shall be credited with dividends actually declared to policyholders in this state, but held by the company and applied to reduction of premiums payable by the policyholder. (Emphasis added).

## II. Standard of Review and Rule of Statutory Construction

AHC's interpretation of revenue laws is reviewed *de novo*. *President Casino, Inc. v. Dir. of Revenue*, 219 S.W.3d 235, 239 (Mo. banc 2007). The decision is upheld when it is "authorized by law and supported by competent and substantial evidence upon the whole record." *Id.* Upon review, a tax statute is "strictly construed in favor of the taxpayer and against the taxing authority." *Id.*

A statute is construed to "ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *Id.* at 240. Only when "the language is ambiguous or would lead to an illogical result" may the words be construed outside of the plain and ordinary meaning. *Mary S. Riethmann Trust v. Dir. of Revenue*, 62 S.W.3d 46, 48 (Mo. banc 2001). When a statute defines a term, that definition is given effect. *President Casino*, 219 S.W.3d at 240. Otherwise, statutes concerning the same subject may be used to determine the statute's meaning. *Id.*

### III. Analysis

#### A. Direct Premium Tax

Section 148.340 imposes a tax upon the "direct premium received" by insurers. The term "direct premium" is not defined in section 148.340 or cases interpreting the statute. However, the meaning of the words "direct" and "premium" can easily be found.

"Direct" is defined in *Black's Law Dictionary* as "[i]mmediate; proximate; . . . operating by an immediate connection or relation, instead of operating through a medium." 546 (4th ed.1968). "Premium" is defined in *Black's Law Dictionary* as a "sum paid or agreed to be paid by an assured to the underwriter as the consideration for the insurance." 1344 (4th ed.1968).

The term "premium" was considered in *Fidelity Security Life Ins. Co. v. Dir. of Revenue* as "consideration paid by an insured to an insurer for a contract of insurance." 32 S.W.3d 527, 531 (Mo. banc 2000) (citing *Black's Law Dictionary* 1181 (6th ed.1990); *Webster's Third New International Dictionary* 1789 (1981)). In *Metro. Life Ins. Co. v. Scheufler*, the term "premium received" is not "only those portions of the premiums received which are *retained for* (or used in) *the company's business.*" 180 S.W.2d 742, 744 (Mo.1944) (emphasis in original). The National Association of Insurance Commissioners defines "direct written premium" as "the total premiums received by a property and liability insurance company without any adjustments for the ceding of any portion of these premiums to the reinsures." http://www.naic.org/consumer_glossary.htm# D (last visited Oct. 20, 2008).

In this context, the meaning of the term "direct premium" is clear. "Direct" means immediate, proximate, not through a medium or third party. "Premium" means the consideration paid by an insured to an insurer for a contract of insurance. Thus, a tax on "direct premiums received" is imposed upon the consideration paid by an insured to an insurer for a contract of insurance. This is in contrast to reinsurance premiums that are paid by the primary insurer to a reinsurer, after the insured directly pays the initial premium to the primary insurer. The primary insurer cedes the policy's risks to a reinsurer. *See generally Colonial Am. Life Ins. Co. v. Comm'r*, 491 U.S. 244, 109 S.Ct. 2408, 105 L.Ed.2d 199 (1989); Reinsurance Association of America, http://www.reinsurance.org (last visited Oct. 20, 2008).

This construction of the term "direct premiums received" is consistent with the state's general policy of not double taxing an event. The tax is imposed when the insured makes the initial and direct payment to the primary insurer, but is not reimposed when the primary insurer cedes the risk and pays the second premium to the reinsurer.

### B. Reinsurance

American National argues the stop-loss policies are reinsurance and not subject to the direct tax in section 148.340. American National relies upon *Associated Industries of Mo. v. Angoff* for the proposition that stop-loss insurance cannot be included in the premiums taxed. 937 S.W.2d 277 (Mo.App.1996). *Angoff* held the director of insurance lacked authority to regulate stop-loss insurance as medical expense insurance under chapter 376, RSMo. *Id.* at 278–279, 285.

American National's argument misses the mark. Section 148.340 neither imposes a tax upon insurance nor exempts reinsurance from tax. It taxes "direct premiums received." Here, the insured is the employer and the insurer is American National. The employer does not collect any specific sums from the employees for the benefit and no tax is imposed on the benefit by section 148.340 upon the employer or the employees. The first premium paid and subject to tax is that paid by the employer to American National.

### C. Constitutional claims

■ The direct premium tax in section 148.340 does not violate the equal protection clauses of the federal and state constitutions. The rational basis test applies because a fundamental right or suspect class is not involved. *In re Care & Treat-*

*ment of Coffman,* 225 S.W.3d 439, 445 (Mo. banc 2007). The statute is valid because all insurance companies are taxed on the direct premiums received.[2]

■ American National is not subject to the privileges and immunities clause of article IV of the federal constitution, because it is a corporation, or the commerce clause, because it is an insurance company. *See Western & Southern Life Ins. Co. v. State Bd. of Equalization of Cal.,* 451 U.S. 648, 656, 101 S.Ct. 2070, 68 L.Ed.2d 514 (1981).

The direct premium tax is constitutional as applied to American National.

### IV. Conclusion

The AHC decision is affirmed.

STITH, C.J., TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and NEWTON, Sp.J., concur.

FISCHER, J., not participating.

2. The state imposes a tax on direct premiums received by domestic insurance companies, section 148.320, and foreign insurance companies, section 148.340.