**ORLA HOLMAN CEMETERY, INC., and Susan Rector, Respondents,**

**v.**

**The ROBERT W. PLASTER TRUST, Stephen R. Plaster, Trustee of the Robert W. Plaster Trust, and Village of Evergreen, Appellants.**

**No. SC 90133.**

Supreme Court of Missouri, En Banc.

Feb. 23, 2010.

David A. Fielder, Michael K. Cully, Lee J. Viorel, Lowther Johnson Attorneys at Law, LLC, Springfield, MO, for appellants.

John C. Holstein, James E. Meadows, Shughart Thomson & Kilroy, P.C., Springfield, MO, for respondents.

WILLIAM RAY PRICE, JR., Chief Justice.

I.

The undisputed facts establish that Laclede County owns Row Crop Road. Because the Village of Evergreen did not annex the road, it is not within the Village's boundaries, and the Village has no authority to regulate it. Because Orla Holman Cemetery has not proven it is entitled to judgment as a matter of law to an easement over the parking area, this

Court reverses that part of the judgment and remands the case. In all other respects, the judgment is affirmed.

## II.

### A.

The parties in this case are Orla Holman Cemetery, Inc., a Missouri nonprofit corporation ("the cemetery"), Susan Rector (her father is buried in the cemetery), the Robert W. Plaster Trust ("the Trust"), the Village of Evergreen, an incorporated village ("the Village"), and Stephen Plaster ("Plaster"). The cemetery is owned by Laclede County ("the county"). Stephen Plaster is the trustee of the Plaster Trust and of the Village of Evergreen.[1] The Village, which is comprised almost entirely of land owned by the Trust, is located in the county.[2] The ultimate issue is whether the Village has authority over a gravel road leading to the cemetery. The trial court concluded that, as a matter of law, because the Village did not annex the road, it could not regulate the road, and the court entered judgment for the cemetery.

### B.

Summary judgment is appropriate if there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Rule 74.04(c)(6); *Weinstein v. KLT Telecom, Inc.*, 225 S.W.3d 413, 415 (Mo. banc 2007). The required procedure for summary judgment motions is found in Rule 74.04. The party seeking summary judgment must attach "a statement of uncontroverted material facts ... [stated] with particularity in separately numbered paragraphs"

and supported "with specific references to the pleadings, discovery, exhibits, or affidavits." Rule 74.04(c)(1). The responding party must then "admit or deny each of the movant's factual statements in numbered paragraphs" based on the record. Rule 74.04(c)(1). Denials may not rest upon mere allegations. Rather, the response must "support each denial with specific references to the discovery, exhibits, or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." *Id.*

### C.

The following facts are not in dispute. The cemetery is county-owned. It stretches over one acre of land and has been in use by members of the community for more than 100 years. Row Crop Road is a gravel road that was built by Laclede County in the 1950s and maintained by the county ever since. It is the only public road that provides access to the cemetery. Between the road and the cemetery is a grassy area where cemetery visitors park their cars.

The land surrounding the cemetery is currently owned by the Robert Plaster Trust. The land was deeded to the Trust by Billy Massey in 2002. There is no dispute that the deed exists or over the wording of the deed. It transfers "all [of the property] ... except the one acre now used for the cemetery" and "any part thereof deeded, taken, or used for road or highway purposes."

The Village annexed the land deeded to the Trust in 2003.[3] Again, there is no

---

**1.** A trust is not technically a proper party, so this Court does not refer to it as such. *Sunbelt Environmental Services, Inc. v. Rieder's Jiffy Market, Inc.*, 138 S.W.3d 130, 134 (Mo. App.2004).

**2.** Besides the Plaster Trust and its affiliate (Empire Ranch), there is only one other property owner in the Village of Evergreen.

**3.** The cemetery disputes the validity of the annexation ordinance. The board of trustees

dispute that the annexation order exists or over the wording of the ordinance that cross-references the deed. The ordinance says: "The Village of Evergreen has received the petition to annex certain lands to the Village of Evergreen by a Petitioner of Empire Ranch. The lands which the Petitioner is requesting to be annexed to the Village of Evergreen are as stated in Exhibit 'A' ... Therefore, the lands ... legally described in Exhibit 'A' are hereby annexed, added to and made a part of the Village of Evergreen." [4] Village of Evergreen Ordinance 03–01.

Finally, there is no dispute of *material* fact over the events that led to this lawsuit.[5] Since 2002, the Village has been attempting to regulate the public's access to Row Crop Road. The Village claims it had problems with the public's use of the road—namely, littering, loitering, poaching of cattle, and vandalism.[6] To address these problems, the Village enacted an ordinance that closed the road to the public. Specifically, the ordinance granted the Village the power to erect and maintain a barricade across the road. Ordinance 05–15.

After it enacted the ordinance, the Village promptly erected a two-panel gate across the road and attached a sign to the gate that read: "Private Property" ... "Keep Out" and provided the name of the chief of police.[7] After a public meeting in

which Laclede County determined that the road belonged to the county, the county commissioner wrote a letter requesting that the Village remove the gate. When the Village ignored the letter, the county removed the gate itself.

In 2004, the Village constructed a second gate across the road. One half of the gate was locked, the other closed.[8] The Village added a new sign, which read: "Street Closed, *KEEP OUT*, Orla Cemetery Members may enter during Daylight Hours Only by order of Evergreen Chief of Police." [9] The Village enacted another ordinance which detailed criminal penalties for tampering with the barricade in any way. Ordinance 05–15.

Finally, in response to the cemetery's and the county's complaints about the obstructions to Row Crop Road, Plaster threatened to fence off the tract of land between the cemetery and Row Crop Road where cemetery visitors have been parking their cars for more than ten years.

What is in dispute in this case is whether the Village of Evergreen has the authority to barricade the road and the parking area. The trial court granted summary judgment for the cemetery and entered an injunction prohibiting the Village from regulating the public's access to either the road or the parking area.

---

of Evergreen requires a quorum of three members to take any action, but the ordinance was signed only by Steven Plaster and Larry Weis (the Village clerk). This is not material to the resolution of the case.

4. Exhibit "A" is the Massey deed.

5. The parties dispute the extent to which the gate blocks patrons' access to the cemetery, but those factual questions are not material to the resolution of the case.

6. The cemetery disputes this claim, but it is not material to the resolution of the case.

7. The chief of police, who was employed by Empire Ranch (an affiliate of the Trust), was fired before the Village hung the sign.

8. The cemetery claims that after Dorothy and Mike Buck were trapped inside the cemetery and forced to dismantle the gate to get out, the Village welded the gate's hinges.

9. No order, in fact, was ever issued by the chief of police, Ken Stidham. Emphasis in original.

### III.

■ Grants of summary judgment are reviewed by this Court *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). As previously noted, summary judgment is proper if there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Rule 74.04(c)(6); *Weinstein v. KLT Telecom, Inc.*, 225 S.W.3d 413, 415 (Mo. banc 2007).

### IV.

There are three separate tracts of property in question here: the cemetery, the road, and the parking area. Neither party disputes that Laclede County owns the cemetery; there is nothing further for this Court to discuss on that issue. The two remaining questions concern the road and the parking area. This Court will address them in that order.

### A.

■ In his first point relied on, Plaster makes five arguments.

In sub-point (a), Plaster argues that the cemetery is not entitled to judgment as a matter of law because "the Village of Evergreen has the authority to control and regulate roads within its boundaries pursuant to §§ 80.090 and 304.120, RSMo 2000." Section 80.090 allows the Village to "open, clear, regulate, grade, pave or improve the streets or alleys of such town." There is nothing in the statute, however, that permits the Village to impede the public's access to a road it has not annexed. Plaster argues that § 80.090(34), RSMo 2000, gives the Village power to regulate roads

within its boundaries. The fact that the Village annexed property on both sides of the road does not give it authority over the road. Plaster's argument fails because the Village did not annex the road. The Massey deed expressly excepted "any part [of the land] deeded, taken, or used for road or highway purposes." The annexation document only purports to annex the land that was deeded to Plaster.

■ Similarly, § 304.120 allows municipalities, by ordinance, to make traffic regulations "within the limits of such municipalities." As discussed, Row Crop Road was not annexed by the Village of Evergreen; therefore, it is not within its limits. Row Crop Road belongs to Laclede County. Section 304.120 does not give the Village any authority to regulate a road the county owns. *See, e.g., Normandy Fire Protection Dist. v. Village of Pasadena Park*, 927 S.W.2d 516 (Mo.App.1996) (village can use its police powers to erect barricades on *village* streets).[10] A factual dispute that is merely "argumentative, imaginary, or frivolous" is not enough to defeat summary judgment. *ITT Commercial Finance Corp.*, 854 S.W.2d at 382.

■ In sub-point (b), Plaster argues that summary judgment was improper because "Row Crop Road lies entirely within the boundaries of the Village of Evergreen." As noted above, Row Crop Road does not lie within the boundaries of the Village of Evergreen.[11] Plaster himself admits, in his motion for summary judgment, that the road is situated "between" land annexed into the Village. Neither the language of the deed nor of the annexation is disputed by either party. Both convey

10. *Emphasis added.*

11. And even if it did, the road would still not be a Village street. *See Kroeger et al. v. St. Louis County et al.*, 358 Mo. 929, 218 S.W.2d 118 (1949) (the fact that a road, which is maintained by someone other than the city, is within the corporate limits of a city does not make it a street of the city).

"all [of the property] ... *except the one acre now used for the cemetery [and 'any part thereof deeded, taken, or used for road or highway purposes.']* " [12] Courts may not create an ambiguity where the words of an ordinance are plain. *Huter v. Birk,* 510 S.W.2d 177, 182–183 (Mo.1974); *American National Life Insurance Company of Texas v. Director of Revenue,* 269 S.W.3d 19 (Mo.2008).

In sub-point (c), Plaster argues that the cemetery was not entitled to judgment as a matter of law because "the Village of Evergreen enacted an ordinance imposing reasonable restrictions on the public's use of Row Crop Road." As discussed above, Row Crop Road was not annexed by the Village. It is of no consequence whether the Village's restrictions on the road are reasonable. County roads are controlled by the county pursuant to § 49.650.1(1), RSMo Supp.2003; *Ielouch v. Warsaw R–IX Schools,* 908 S.W.2d 769 (Mo.App.1995). The Village may not enact an ordinance that conflicts with state law. § 71.010, RSMo 2000. Laclede County is the entity that may regulate Row Crop Road. Section 49.650.1(1), RSMo Supp.2003.

In sub-point (d), Plaster argues that summary judgment was improper because "the Village of Evergreen's actions were a reasonable exercise of its police powers." Again, Row Crop Road was excepted from the deed Massey gave to Plaster and the ordinance annexing the Plaster land into the Village. Plaster has not offered any independent source of authority for the Village's exercise of police powers over a road outside its boundaries. The Village has no police powers over Row Crop Road. *See e.g. City of Richmond Heights v. Shackelford,* 446 S.W.2d 179 (Mo.App. 1969) (a municipality may only exercise its police powers under authority granted to it by the state); *Kroeger et al. v. St. Louis*

*County et al.,* 358 Mo. 929, 218 S.W.2d 118 (1949) (a city has control over city streets, not county-owned streets that run through the city).

In sub-point (e), Plaster argues that "section 229.030 RSMo does not preempt the Village of Evergreen's police powers." Section 229.030 says that "public roads shall be cleared of obstructions therein that hinder or interfere with travel or traffic thereon." As in points (c) and (d), this point is premised on the Village having authority to regulate the road in the first place. Because the Village at no time annexed the road, it may not erect even an unlocked barricade across it.

### B.

In his second point relied on, Plaster makes six arguments. Because only sub-points (a), (b), and (f) concern the road, this Court will address those here.

In sub-point (a), Plaster argues that "the Village of Evergreen is not obstructing or prohibiting the public's access to either Row Crop Road or Holman Cemetery." To support his claim, Plaster alleges that one half of the gate is unlocked and that some visitors have been able to gain access to the cemetery. Nevertheless, it is not a disputed issue of material fact whether the road is completely barred or partially obstructed: The Village has erected two gates across the road and, as discussed, has no authority to do so.

In sub-point (b), Plaster argues that "any purported easement rights of [the cemetery] are subject to the Village of Evergreen's police powers." As noted above, Laclede County owns Row Crop Road. The road is located between the land that was annexed by the Village but is not itself within the Village. The county

---

12. Emphasis added.

has the authority to regulate Row Crop Road. The Village does not. Section 49.650(1), RSMo Supp.2003.

In sub-point (f), Plaster argues that "the trial court relied on numerous legal conclusions in granting [the cemetery's] motion." Plaster's contention is not clear. To the extent he is arguing that the trial court made a determination of law in granting the cemetery's summary judgment motion, he is correct. There is no dispute over the existence of the deed and its language or the ordinance and its language. On the issue of Row Crop Road, the cemetery is entitled to judgment as a matter of law. To the extent Plaster is arguing something else, the point relied on is inadequate. *See* Rule 84.04(d).

### C.

In his third point relied on, Plaster makes four arguments. Because sub-points (a), (c), and (d) concern the road, this Court will address those here.

In sub-point (a), Plaster argues that the trial court erred in entering the injunction because it is overly broad in that the Village "is endowed with police powers pursuant to RSMo §§ 80.090 and 304.120 authorizing it to control roads and regulate traffic within its boundaries." This argument is without merit. The Village's police powers are irrelevant in this case because Row Crop Road is not "within its boundaries." Therefore, the trial court's injunction prohibiting it from doing so is not improper.

In sub-point (c), Plaster argues that the injunction is overly broad in that the Village "is prohibited from enacting any reasonable time restrictions on the public's use of Row Crop Road." Again, no matter how reasonable the restrictions are, the Village has no authority to restrict the public's use of a county-owned road.

In sub-point (d), Plaster argues that the injunction is improper because it "effectively deprives [the] Village of its lawful exercise of police powers delegated to it by the Legislature." As this Court has addressed, the injunction does not deprive the Village of its "lawful" exercise of police powers. The exercise of police powers attempted by the Village in this case is unlawful. Because Row Crop Road was never annexed into the Village, the Village may not exercise police powers over it. The injunction, with respect to Row Crop Road, is not overly broad.

### D.

With respect to the parking area, the cemetery relies upon three theories to support its argument that it has use rights. First, the cemetery argues that it has a prescriptive easement over the parking area.[13] To succeed on a prescriptive easement claim, the cemetery must show that there is no question of fact regarding any of the five elements. In Missouri, use must be: 1) continuous; 2) uninterrupted; 3) visible; and 4) adverse for 5) a period of 10 years. *Faustlin v. Mathis*, 99 S.W.3d

---

**13.** Although the cemetery mentions the hostility element of adverse possession, it argues only that it has an easement over the parking area, not that it has obtained *title* to the parking area. There is a difference between adverse possession and a prescriptive easement. Acquiring *title* by adverse possession and acquiring *use rights* through an easement by prescription are different theories that require proof of different elements. *Day v.*

*Grisham*, 571 S.W.2d 473 (Mo.App.1978) (elements required to establish title by adverse possession are distinguishable from those that prove a prescriptive easement); *Copanas v. Loehr*, 876 S.W.2d 691 (Mo.App.1994) (adverse possession deals with possession of property while easement by prescription deals with use of property); *Curran v. Bowen*, 753 S.W.2d 940 (Mo.App.1988).

546, 548 n. 3 (Mo.App.2003). The cemetery bears the burden to prove each of these elements. *Jacobs v. Roschevitz*, 20 S.W.3d 598, 600 (Mo.App.2000). Missouri law does not favor prescriptive easements. *Id.*

At issue here is the adverseness requirement. To show adverse use, the cemetery only has to demonstrate that the public "acts in such a manner as to indicate a nonexclusive right to use the property." *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 508–509 (Mo. banc 1993). Adverseness is often inferred rather than explicitly proven. *Id.*

Plaster argues in sub-point (e) of his second point relied on that "there was evidence present showing that Respondents' use of the parking area was permissive." The record shows that there is a factual dispute over whether the Massey family at any time gave permission to the public to use the parking area when it owned the property. Plaster presented an affidavit in which Mr. Massey stated that his father had given permission, but the cemetery disputes the validity of the affidavit and was able to procure conflicting testimony in Massey's deposition.[14] Because this is a genuine issue of material fact, the cemetery is not entitled to judgment on this issue.

The cemetery makes two alternative arguments. First, it argues that it has a statutory easement over the parking area under § 228.190, RSMo 2000. Section 228.190, however, deals with roads. It provides that "all roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads." At issue here is a grassy parking area, not a road. The tract of land in question here is not covered by the provisions in § 228.190.

Second, the cemetery claims that it has an easement by necessity over the parking area. To prove an easement by necessity, the cemetery must show: 1) a prior common source of title to the land and 2) that the land provides the sole means of ingress or egress. *Howell v. Rickard*, 295 S.W.3d 602 (Mo.App.2009).

With respect to necessity, the fact that the parking area provides the most convenient access to the cemetery is not enough. *Missouri State Oil Co. v. Fuse*, 360 Mo. 1022, 232 S.W.2d 501, 506 (1950) ("The rule is ... one of necessity, not of convenience"). The cemetery does state, in its statement of uncontroverted facts, that the parking area is "the only route to access the cemetery from Row Crop Road." Because this claim was never denied or answered by Plaster, this Court must take it as true.

However, to make out a claim for an easement by necessity, the cemetery must also show that there was at one time a unity of ownership between the parking area (owned by Plaster) and the cemetery (owned by the county). *Behen v. Elliott*, 791 S.W.2d 475 (Mo.App.1990) (common-law easement of necessity is founded upon showing of prior unity of title of plaintiff's and defendant's land); *King v. Jack Cooper Transport Co., Inc.*, 708 S.W.2d 194 (Mo.App.1986) (easement by necessity contemplates severance of estate, which leaves owner of one of the severed parcels without means of egress or ingress); *Newbill v. Forrester–Gaffney*, 181 S.W.3d 114 (Mo.App.2005). Because the cemetery never

---

**14.** The cemetery claims that the affidavit was prepared by Massey's attorney and merely signed by Massey.

claims unity of title, its argument for an easement by necessity fails. *See Tadlock v. Otterbine,* 767 S.W.2d 366 (Mo.App. 1989) (no common-law easement by necessity was established where there was no evidence of prior unity of title).

Finally, an easement by necessity over a tract of land permits only ingress and egress. *King v. Jack Cooper Transport Co., Inc.,* 708 S.W.2d 194 (Mo.App. 1986); *Howell v. Rickard,* 295 S.W.3d 602 (Mo.App.2009). Even if the cemetery were able to demonstrate both unity of title and necessity, the public would be allowed, at most, to cross the parking area to get to the cemetery. An easement by necessity would not allow cemetery visitors to park their cars on the land.

### V.

The Village has no authority to regulate Row Crop Road. However, there are disputed issues of material fact concerning the parking area. The judgment as to the parking area is reversed, and the case is remanded. In all other respects, the judgment is affirmed.

All concur.