Wayne J. KIRN and Dianna M. Kirn, his wife, Plaintiffs-Respondents,

v.

Theodore R. OEHLERT and Ella L. Oehlert, Defendants-Appellants.

No. 42915.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 8, 1981.

---

Alvin L. Tidlund, Kirkwood, for defendants-appellants.

Dennis C. Brewer, Perryville, for plaintiffs-respondents.

DOWD, Presiding Judge.

The Oehlerts, defendants below, appeal the court's finding of a prescriptive easement in favor of the plaintiffs. We affirm.

The present ownership of these respective tracts of property occurred as follows. In 1890, two brothers, Valentine and Ferdinand Hoehn inherited approximately 127 acres from their father. Valentine took possession of 70 acres and the family home. Ferdinand took the rest of the acreage upon which he built a home next to the roadway that crossed the two pieces of property. The roadway had been used continuously for seventy-eight years. In 1939, Valentine sold his property to the present owners, the Oehlerts. Upon Ferdinand's death in 1944, his daughter, Ella Lintner, bought his property from the other heirs. Ella and her husband Oscar never lived on the property but rented it to Oscar's cousin Julius Lintner and his wife Flora. Flora with her husband and daughter lived on the property for twenty-six years. They along with their friends used the road on a daily basis and never obtained permission to use the road. Nor did anyone ever attempt to stop them from using the road. When Flora moved from the property in 1970, her daughter Dianna, assumed rental of the property with her husband Wayne Kirn. The Kirns subsequently bought the property from Ella and Oscar Lintner in 1979.

In their brief on appeal, defendants raise five Points Relied On. Points one, two and three raise plaintiffs' failure to prove 1) use for the prescribed period 2) adverse use and

3) notice of user and of claim of right, respectively. Point four contends the verdict is against the weight of the evidence and point five alleges the evidence shows use of the roadway was by permission. Close scrutiny of defendants' arguments on these points reveals, however, that defendants' main contention is that the plaintiffs failed to prove adverse use. Thus our opinion will address defendants' Points Relied On by reviewing the evidence to determine whether there is substantial evidence to sustain the finding of a prescriptive easement in favor of plaintiffs with special regard to whether plaintiffs use was adverse or permissive.

■ It is well established that in order to obtain an easement by prescription, plaintiffs have the burden of proving that the use was open, adverse, visible, continuous and uninterrupted under a claim of right for ten years or more. *Spooner v. Bates*, 550 S.W.2d 200, 202 (Mo.App.1977). Proof of open, notorious, continuous, and uninterrupted use for the requisite ten year period, however, in absence of evidence to explain how use began, raises the presumption that the use was adverse and under a claim of right. *McIlroy v. Hamilton*, 539 S.W.2d 669, 673 (Mo.App.1976). This casts upon the owner of the servient estate the burden of showing that the use was permissive and by virtue of some license, indulgence or agreement inconsistent with the claim of right. *McIlroy, supra.*

With no evidence available to explain how the use began, the plaintiffs proved open, notorious, continuous and uninterrupted use and placed the burden of showing that the use was permissive upon the defendants. The plaintiffs introduced evidence that the origin of the roadway was beyond the memory of both Leonard Hoehn and Ella Lintner, 77, and 80 years old respectively. Ella Lintner testified that it was once a thoroughfare connecting two county roads and was used to reach the Friedenburg Church. The road was referred to as the "Church Lane" and was defined by fences. The defendant, Theodore Oehlert, conceded that the roadway

has been used continuously for seventy-eight years. The use of the roadway by the plaintiffs and their predecessors was open and visible as the roadway passed within fifteen feet of defendants' house and barn. In fact defendant complained of the plaintiffs' recklessness in driving through the barnyard. The use of the roadway by the plaintiffs was continuous. Though the defendants changed the course of the roadway and placed gravel ridges thereon, plaintiffs use of the roadway was never interfered with nor barred.

The defendants strongly rely on *McIlroy v. Hamilton*, 539 S.W.2d 669 (Mo.App.1976), for the proposition that the ownership of two adjoining tracts of land by blood relatives raises the presumption of permissive use. We find no such holding in *McIlroy* and further find the case to be distinguishable from the present controversy.

In *McIlroy, supra* it was the existence of the familial relationship plus additional evidence that gave rise to the court's conclusion that the original use was a permissive use. One piece of this additional evidence was the defendants' introduction of a deed, which gave the plaintiffs an outlet to said road across defendants' land. The court concluded that had the use of the roadway been adverse, plaintiffs' predecessors in title would have already had an outlet, and therefore the deed gave rise to the inference that the use was recognized by both parties to the deed as permissive only.

In the present case, Mr. Oehlert related conversations that he had with Ferdinand Hoehn and Oscar Lintner whereby they asked for permission to use the roadway. The first of these conversations took place in 1939 shortly after the defendants had moved on the property. Ferdinand Hoehn on the other hand, had already resided on his property for forty-nine years and had used the roadway continuously during that time. It is well established that permission given after a road easement is already established by adverse use has no legal effect. *McDougall v. Castelli*, 501 S.W.2d 855, 858 (Mo.App.1973).

Defendant also introduced evidence that in the latter part of the 1950's on his own volition, and without discussion with anyone, he moved his portion of the roadway thirty to forty feet to the west in the area between the public road and barnyard. Defendant testified that he received no complaints and even testified that Oscar Lintner then asked his permission to do likewise. Defendant admitted, however, that he moved the roadway because he wanted to do some building near his house. Plaintiffs' use of the roadway during this period of reconstruction was continuous and uninterrupted. Finally defendant introduced evidence that during the latter part of the Kirn's rental of the land, he placed three gravel ridges on the portion of the roadway passing his barn. Defendant firmly stated, however, that the purpose of the gravel ridges was to slow down vehicular traffic. Plaintiffs' continued use of the roadway though hampered was never interfered with nor obstructed.

The court found that the plaintiffs and the predecessors in title use of the road was open, notorious, continuous, uninterrupted and adverse for the prescriptive period and were thus entitled to a prescriptive easement over defendants' land. We agree. We find there was substantial evidence to support the finding below. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

The decree is affirmed.

GUNN and SIMON, JJ., concur.