Norma Ruth SCHRIEBER,
Plaintiff–Respondent,

v.

Nola ASLINGER, Jerry Mungle, and
Anna Mae Mungle, Defendants–
Appellants.

No. 22631.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 6, 2000.

Motion for Rehearing or Transfer to
Supreme Court Denied Jan. 27, 2000.

Application for Transfer Denied
March 21, 2000.

---

Walter S. Drusch, David J. Roth, II, Lowes & Drusch, Cape Girardeau, for appellants.

Jasper N. Edmundson, Edmundson, Terando, Hopkins & Henson, Poplar Bluff, for respondent.

JOHN E. PARRISH, Judge.

This is an appeal by Nola Aslinger, Jerry Mungle and Anna Mae Mungle of a judgment that declares Norma Ruth Schrieber (plaintiff) is vested with title to an "ingress-egress easement" across a certain 20–foot strip of real estate located in Bollinger County, Missouri. The judgment is affirmed in part, reversed in part and remanded. The appeal of Jerry Mungle and Anna Mae Mungle is dismissed.

### Prior Proceedings

Plaintiff's petition sought determination that plaintiff was "owner of an easement by prescription" over real estate of the three named defendants. It also requested that defendants be enjoined from obstructing "such roadway easement." The issue of the existence of a road easement was tried to a jury. Directed verdict was entered for Jerry Mungle and Anna Mae

Mungle prior to submitting the case to the jury.[1] The jury found for plaintiff on her claim against Nola Aslinger (hereafter referred to as defendant) "for establishment of a road easement." The trial court purported to enter judgment in accordance with the verdict but made no disposition of plaintiff's request for injunctive relief. As such, initially, there was no final judgment for purposes of appeal. *See* Rule 74.01(b). A previous attempt to appeal that determination was dismissed. *See Schrieber v. Aslinger,* 961 S.W.2d 945 (Mo.App.1998). Plaintiff thereafter dismissed her request for injunctive relief. This appeal followed.

### Facts

Plaintiff owns approximately 105 acres in Bollinger County that is used by her family and friends primarily for hunting and recreational activities. Plaintiff purchased her property in 1974.

Defendant owns property adjacent to Highway 72 in Bollinger County. Plaintiff's property is accessible from Highway 72 by a dirt road that crosses three other parcels of land. Defendant's land is one of those parcels.

Plaintiff and her family and friends have continuously used the road across defendant's land since 1974. There was evidence that members of the community had used the road for over fifty years. For a period of time after plaintiff purchased her property, Bollinger County maintained the road across defendant's property.[2] Plaintiff maintained the road after the county ceased its maintenance.

In 1995, shortly after her husband died, plaintiff considered selling her property. She and her son, Donald Schrieber, thought it would help the sale of the prop-

---

1. Although the trial court granted Anna Mae Mungle's and Jerry Mungle's motion for directed verdict, the judgment that was initially entered erroneously stated that the motion for directed verdict had been denied. This court granted leave to the trial court to correct that recitation in the judgment pursuant to Rule 74.06(a). That correction was made.

2. Plaintiff testified that Bollinger County maintained the road for several years after she bought the property; that "[t]hey graded the road about once a month."

erty if there were an easement of record for ingress and egress; that this might be required in order for a prospective buyer to obtain financing. Donald Schrieber met with Anna Mae Mungle and Jerry Mungle, defendant's daughter and son-in-law. Mr. Schrieber requested that a document be executed that would convey a right to use the road to plaintiff.

After Mr. Schrieber met with Mr. and Mrs. Mungle, defendant placed a cable or caused a cable to be placed across the road where it entered defendant's property. No one had interfered with plaintiff's use of the road prior to that time.

### Points on Appeal

■ The first point on appeal is directed to a statement in the judgment, as originally entered, that the motion for directed verdict of Anna Mae Mungle and Jerry Mungle was denied. As previously noted the judgment was subsequently corrected to state that the motion of Anna Mae Mungle and Jerry Mungle for directed verdict was granted. *See* n. 1, *supra.* Point I is moot. The appeal by Jerry Mungle and Anna Mae Mungle should be dismissed.

Point II asserts that the trial court erred in failing to enter a directed verdict for defendant and in not entering judgment for defendant notwithstanding the verdict. Point II argues that plaintiff did not meet the requisite burden of proof. It contends that plaintiff "failed to present sufficient competent evidence to sustain [her] burden of proof that her use of the alleged roadway was open, notorious, hostile and adverse"; that "the admissible evidence showed that the plaintiff relied only on a cable stretched across the road in 1995 to establish that her use was open, notorious, hostile and adverse." Point II asserts that plaintiff was not entitled to rely on other evidence to establish a prescriptive easement because of answers she provided to interrogatories that had been propounded to her.

At trial defendant objected to testimony of Donald Schrieber about any use of the road that occurred before the cable was placed across it in 1995. Defendant's objection was based on answers plaintiff gave to four interrogatories. The trial court overruled defendant's objection.

Plaintiff was asked in interrogatory number four to state the conditions and facts which established that her use of the road had been adverse. She answered, "A cable was placed across the road which denied access to our property."

The next interrogatory asked plaintiff to state conditions and facts that established that her use of the road had been hostile. Plaintiff answered, "Same answer as Question # 4." She was then asked to state conditions and facts that established that her use had been open and notorious. Plaintiff again answered, "Same answer as Question # 4." A subsequent interrogatory asked plaintiff to state the dates when the cable she referred to in her petition had been placed across the road. She answered, "I first became aware of the cable on August 6, 1995."

■ In overruling defendant's objection to questions asked of Mr. Schrieber concerning use of the road before the cable was placed across it, the trial judge stated that the answers to the interrogatories in question were sufficiently broad to allow the testimony.

It is well-established that the trial court is vested with broad discretion to choose a course of action during trial when evidence is challenged on the ground that it has not been disclosed by answers to interrogatories, and in the exercise of that discretion, the trial court may admit or reject such evidence. *Manahan v. Watson,* 655 S.W.2d 807, 808 (Mo.App.1983); *Aulgur v. Zylich,* 390 S.W.2d 553, 556 (Mo.App.1965). "Necessarily, a trial court first will determine whether in the particular situation the opposing party has been prejudiced," and in some instances, it may well find no prejudice has resulted. *Laws v. City*

*of Wellston,* 435 S.W.2d 370, 375 (Mo. 1968).

*Vandever v. Jr. Coll. Dist. of Kansas City,* 708 S.W.2d 711, 719–20 (Mo.App.1986). *See also Brown v. St. Mary's Health Center,* 713 S.W.2d 15, 17–18 (Mo.App.1986).

This court finds no abuse of discretion by the trial court in overruling the objection posed to Mr. Schrieber's testimony and in permitting plaintiff to adduce evidence regarding the use of the road prior to the time the cable was placed across the road. Plaintiff alleged in her petition that she had used the road across defendant's property for ingress and egress to and from her property; that such use had been "adverse, under claim of right, hostile, open and notorious and continuous and uninterrupted for over twenty (20) years." In answers to interrogatories, plaintiff stated that immediate family, friends and relatives had used the road for the past 20 years; that plaintiff had maintained the road. She stated that after Bollinger County ceased to maintain the road approximately five years after she and her husband acquired the property, she continued to maintain it. Plaintiff stated that she never received permission from defendant to use the road.

■ An easement by prescription is established by use that is continuous, uninterrupted, visible and adverse for a period of ten years. *Whittom v. Alexander–Richardson Partnership,* 916 S.W.2d 333, 335 (Mo.App.1995). Existence of an easement by prescription must be proven by clear and convincing evidence. *Harmon v. Hamilton,* 903 S.W.2d 610, 613 (Mo.App. 1995).

■ Plaintiff's answers to interrogatories, other than the four identified in this appeal, revealed that her family used and maintained the road for 20 years and never requested permission from defendant. As to defendant's complaint concerning the showing that use of the road was "hostile," a showing that use of a road was "hostile" is not required in order to establish an easement by prescription. *Whittom, supra,* at 336. Adverse use for purposes of establishing an easement by prescription is non-recognition of the owner's authority to permit or prohibit use. *Harmon v. Hamilton, supra.*

The trial court did not err in permitting plaintiff to present evidence of the use of the road prior to 1995 when the cable was placed across it. Point II is denied.

■ The judgment declares that title to the described road "be and, hereby, is vested in the Plaintiff." It further provides that the judgment shall be recorded in the office of the Recorder of Deeds of Bollinger County "and that it stand and operate as a conveyance of the right, title, and interest of [plaintiff] . . . in and to said land described herein." Point III asserts that this language conveys fee simple absolute title to plaintiff; that the trial court erred in awarding plaintiff more than an easement over the road.

■ Although an easement is an interest in land, it is not an interest in the "title" to the real estate that is subject to that easement. "[A]n easement, strictly speaking, does not carry any title to the land over which it is exercised; it is rather a right to use the land for particular purposes. Logically this would be especially true where the easement is in fact claimed by prescription or user and not by grant." *Smith v. Santarelli,* 355 Mo. 1047, 199 S.W.2d 411, 412 (1947) (footnote omitted).

Point III is well taken. The judgment erroneously decrees that title to the land over which the road travels "is vested in the Plaintiff." That part of the judgment must be reversed and the case remanded with directions that judgment be entered granting plaintiff the right to use the land over which the road passes for purposes of ingress and egress. Defendant retains title to the property. That title, however, is subject to plaintiff's easement.

■ Point IV asserts that the trial court erred in not limiting plaintiff's easement to

use for recreational purposes by immediate family and friends. It argues that the judgment is silent as to "the scope and extent of the use of the road and the only evidence regarding the prescriptive period is that the road was used by immediate family and friends for recreational purposes."

■ The trial court granted plaintiff a "20' ingress-egress easement." That was the purpose for which plaintiff, her family members and other persons she permitted to access her property had used the road. When an easement is claimed by prescription, the character and extent of the easement is determined by the character and extent of use during the period when the easement was created. *Wells v. Carpenter*, 916 S.W.2d 405, 407 (Mo.App.1996); *Peterson v. Medlock*, 884 S.W.2d 679, 685 (Mo.App.1994). Point IV is denied.

### Disposition

The appeal by Jerry Mungle and Anna Mae Mungle is dismissed. The part of the judgment that declares title to the land over which the road in question travels is vested in plaintiff is reversed and the case is remanded with directions that judgment be entered declaring that plaintiff has an easement over the road for purposes of ingress and egress. In all other respects the judgment is affirmed.

CROW, P.J., and MONTGOMERY, J., concur.

SHRUM, J., recused.