Ralph REARDON and Evelyn Reardon,
His Wife, and Ozark Industries, Inc.,
Plaintiffs–Respondents,

v.

Richard NEWELL and Ruby Newell,
His Wife, Defendants–
Appellants,

and

City of Goodman, Missouri, a Munici-
pality of the Fourth Class, De-
fendant–Respondent.

No. 24452.

Missouri Court of Appeals,
Southern District,
Division Two.

July 3, 2002.

Andrew P. Wood, Sims, Johnson, Wood & Farber, Neosho, for appellants.

Abe R. Paul, The Paul Law Firm, P.C., Pineville, for respondents.

NANCY STEFFEN RAHMEYER, Judge.

This is an appeal concerning the character of an alleged access roadway. The

dispute arose when the Reardons ("Respondents") claimed a roadway in the city limits of Goodman, Missouri, had been in existence and used by the general public for more than twenty-five years. The Newells ("Appellants") contend that the access to the road is restricted by either, or both, of two deeds for easements granted by Appellants' predecessors in interest. The trial court found that the road was a public road and barred Appellants, the owners of the land surrounding the roadway, from denying access to it. Appellants contend there is no basis for the trial court's finding.

▇▇▇ This court's standard of review is governed by *Murphy v. Carron*[1], 536 S.W.2d 30, 32 (Mo. banc 1976), which requires us to affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Chapman v. Lavy*, 20 S.W.3d 610, 612 (Mo.App. E.D. 2000). Under this standard of review we must accept all evidence and inferences therefrom favorable to the party who won below, and we must disregard all contrary evidence. *Id.* We defer to the trial court on factual issues and recognize that it is the trial court's job to determine the credibility of the witnesses. *Id.* at 612–13.

The roadway, located in the city limits of Goodman, Missouri, is legally described as follows:

> The South 30 feet of the East 588 feet of Lot 131 of Ozark Orchard Subdivision to the City of Goodman, located in Section 8, Township 23, Range 32, McDonald County, Missouri.

It was described during trial as stemming from School Street, going along the south side of Appellants' property to what used to be a city lagoon and is now a lift station. The Allisons, the Appellants' predecessors in interest, granted an easement to the roadway to the City of Goodman on March 21, 1968. The easement granted to the City of Goodman, its agents, servants and employees,

> ... full and free right to install, construct, erect, repair, use and maintain an access road with gates, drainage pipes and other appurtenances, and do all other things necessary for the installation, construction, erection, repair, use and maintenance of said access road upon and along the property hereinafter described.

This easement was misplaced and the subsequent owners of the property granted the city a second easement on April 7, 1989. The second easement was virtually identical to the first, except it added that the City of Goodman further agreed "to provide, install and maintain a suitable gate across the existing property lines at each end of the easement in described lands to designate this access is not a public road or street." Neither of these easements was recorded and Appellants were apparently unaware of either easement when they bought the property in April 1999. Gates were not maintained until Appellants erected a gate and barricades in 2000.

The case was tried to the court on the two-count amended petition, but at the end of the evidence, Respondents' counsel stated, "... We are really abandoning our claim under Count I and proceeding under Count II, as our trial brief addresses." Appellants contend that Count I was a claim for a prescriptive easement and Count II was an ineffective attempt to

---

1. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form, in Rule 84.13(d).

make a claim under § 228.190 RSMo,[2] which is not applicable to public roads inside the municipal boundaries of the City of Goodman. Appellants argue the "abandonment" of the claim in Count I forecloses the finding by the trial court of a prescriptive public road. Respondents counter that they had abandoned their individual claim for a prescriptive easement, but that they pursued a claim for a public prescriptive easement under Count II.

■ "A public road, except state roads, may be established in three ways: (1) under the provisions of Chapter 228, RSMo, (2) by prescription, or (3) by implied or common law dedication." *Coffey v. State ex rel. County of Stone*, 893 S.W.2d 843, 846 (Mo.App. S.D.1995). As the roadway is not a state road, to prevail in this court Appellants must show that none of these three methods were proven at trial. Both parties admit that Chapter 228 does not apply to this road because the road is in the city limits of Goodman. Thus, the trial judge could have found the street was created by prescription or by implied or common law dedication. We first examine the facts under the theory of prescription.

■ "An easement by prescription is established by use that is continuous, uninterrupted, visible, and adverse for a period of ten years." *Kirkpatrick v. Webb*, 58 S.W.3d 903, 906 (Mo.App. S.D.2001)[*quoting Schrieber v. Aslinger*, 11 S.W.3d 816, 819 (Mo.App. S.D.2000)]. The law does not favor prescriptive easements, and the plaintiffs must show the elements are met by clear and convincing evidence. *Jacobs*

*v. Roschevitz*, 20 S.W.3d 598, 600 (Mo.App. S.D.2000). "Mere permissive use of land cannot ripen into an easement." *Carpenter–Union Hills Cemetery Association v. Camp Zoe, Inc.*, 547 S.W.2d 196, 200 (Mo. App.1977). However, "it has long been settled law in Missouri that the public may acquire the right to the use of a road or easement over the land of another, when such road has been established ... by adverse occupancy and use of the same by the public for a period of time equal to that prescribed by the statute of limitations...." *Terry v. City of Independence*, 388 S.W.2d 769, 774 (Mo.1965).

■ Appellants claim that prescription does not apply in this case as a matter of law, citing two reasons, neither of which the law or the record supports. First, Appellants claim that Respondents waived their theory of prescription when their attorney informed the court they were not proceeding under Count I of their Second Amended Petition ("petition").[3] The first paragraph of Count II re-alleged all the paragraphs of Count I as if fully stated within that count. Appellants then state in Count II:

3. That said public road has been in existence and used by the general public for more than twenty-five years;

4. That the road has been consistently maintained by either the City of Goodman, or McDonald County Road Commissioners;

5. That the defendants have, contrary to law, erected a gate and barricades across Lagoon Access road a/k/a Boyer

---

2. All references to statutes are to RSMo 2000, unless otherwise indicated.

3. Count I clearly pled the facts necessary to prove an easement by prescription:

That plaintiffs are owners of an easement of ingress and egress across defendants' land, because title to that easement of ingress-egress has vested in them under the laws of

the State of Missouri; plaintiffs and their predecessors in title, have used and travelled the easement of ingress-egress for more than ten years, last past, before filing of this petition and they have had hostile, adverse and peaceful possession thereof under claim of right and ownership for all of said period.

Street such that it blocks the Plaintiffs' and public use and access to property East of the erected gate, including that property owned by the plaintiffs. Defendants are claiming some ownership interest in the roadway and have with full knowledge of the foregoing in attempt to harass, annoy, persecute, injure, destroy and otherwise interfere with Plaintiffs' use of the roadway, as well as other members of the public, and will continue to block public access of the road wrongfully, knowingly, intentionally and maliciously unless enjoyed [sic] by this court, continue to deny Plaintiffs access thereon, as well as the general public all in contravention of Plaintiffs rights.

. . . .

WHEREFORE, plaintiffs pray that the court enter its Order, Judgment and Decree finding and declaring Plaintiffs, as well as the general public, right to pass over and upon the public right of way known as Lagoon Access Road a/k/a Boyer Street and be enjoined and restrained from obstructing, impeding or otherwise blocking the road in question or otherwise rendering the property of the Plaintiffs unaccessible and unusable and that a temporary restraining, preliminary injunction be granted until final hearing can be granted on the merits, and that on the final hearing said injunction be made permanent and for such other and further relief as may be just in the premises.

Moreover, in Appellants' motion to dismiss the second amended petition, Appellants state in paragraph 4,

In regard to Count II, said Defendants believe that Plaintiffs are attempting to allege that a public road exists through Defendants' property.

It is apparent that Respondents did not waive their claim for a prescriptive easement on behalf of the public, nor was their claim abandoned by abandoning the "claim" for a personal easement. Appellants had notice from Respondents' pleadings that Respondents were claiming a public road existed through Appellants' property. The pleadings were such that the trial court could have properly relied upon a theory of prescriptive easement in declaring the road a public road.

■ The second reason Appellants believe prescription cannot be found in this case is because prescription will not run against a municipality. *City of South Greenfield v. Cagle,* 591 S.W.2d 156, 159 (Mo.App. S.D.1979). *Cagle* holds that a person cannot acquire title by adverse possession against a city, citing § 516.090. 591 S.W.2d at 159. Section 516.090 states, "Nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this state." The land is owned by the Reardons and the City of Goodman holds only an easement. The initial question is whether § 516.090 applies to easements, and then, whether § 516.090 applies to the attempt to obtain a public road by prescription over the easement of the City of Goodman. "An easement is the privilege to enjoy property over the tenement of another, to use the property for a specific purpose. It is an interest in land, but gives no title to the land on which it is imposed." 25 AM. JUR. 2D *Easements and Licenses* § 119 (1996).

■ We find that § 516.090 does apply to easements generally. In *The Empire District Electric Company v. Gaar,* 26 S.W.3d 370, 376 (Mo.App. S.D.2000), this court noted that "the protection afforded by § 516.090 is a privilege restricted to lands that have a pious, charitable, or pub-

lic use." Quoting from our Supreme Court in *Anson v. Tietze*, 354 Mo. 552, 190 S.W.2d 193, 196–97 (1945), "The issue is not concerned with the corporeal thing, the land; but with the incorporeal privilege, a specified use of the land." The rationale of § 516.090 is to protect against the loss of public roads due to the carelessness or oversight of the people charged with protecting the public's interest. *Empire District*, 26 S.W.3d at 376. The statute is used when "the general public derive[s] a direct benefit from the use of the land." *Id.* at 376.

The policy behind the enactment of § 516.090 does not apply to the easement under these facts. The trial court protected the public's benefit from using the land by finding that a public road existed on the disputed tract; the court did not award a private prescriptive easement. In *Anson* the court allowed the city's claim of adverse possession of land that had been used as a pious use. The court found the pious use had been abandoned and § 516.090[4] did not apply. 190 S.W.2d at 197. Likewise, the evidence indicated that any narrow use of the road at issue for the city workers of Goodman had long been abandoned for use as a general roadway. Section 516.090 does not apply to the facts of this case.

■■■■■ An examination of the evidence indicates the requirements for prescription were met. As stated above, to show an easement by prescription there must be use that is continuous, uninterrupted, and adverse for ten years. Whether the use was adverse is to be inferred from the circumstances. *Terry*, 388 S.W.2d at 773. "Adverse use for purposes of establishing an easement by prescription is non-recog-

nition of the owner's authority to permit or prohibit use." *Kirkpatrick*, 58 S.W.3d at 907[*quoting Schrieber v. Aslinger*, 11 S.W.3d 816, 819 (Mo.App. S.D.2000)]. The other requirement, that the use be visible, is met when it is shown that "the servient landowner had notice of the use and that the use was visible." *Kirkpatrick*, 58 S.W.3d at 906. Substantial evidence supports the court's judgment that these elements were met.

Deferring to the trial court's determination of credibility and ignoring contrary evidence, the evidence instructs that since its inception in 1975, the roadway has been used by employees working at a nearby building and by residents living in trailers close to the roadway. At one point the business had as many as 100 employees. The roadway has been graded by city employees and county employees and has been graveled. The post office delivered mail on the roadway and the Goodman police department patrolled the roadway. One witness testified that "everybody used it." Some testified that the roadway used to have a street sign naming it "Boyer Street." Appellant Richard Newell recognized that there was traffic on the roadway because it was the increase in that traffic that caused him to put up the gate. In addition, he testified that a past owner of the property took the sign down that identified the roadway as Boyer Street. Newell also testified that a city employee filled a hole on the roadway after Newell put up the gate, and that the post office tried to deliver mail on the roadway, but he requested that a mail route not be established there.

This evidence clearly establishes that the roadway was used by the public contin-

4. The previous statute was § 1011.

uously for ten years in a fashion adverse and visible to the owner of the property. Thus, the evidence supports that the road was established by prescription and the trial court did not err in declaring it a public road.[5]

The judgment of the trial court is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

---

5. Because we find that the road was established by prescription, we need not address whether common law dedication established the road as well.