**Deanna M. TINNES and Michael Tinnes, Trustees of the Tinnes Family Trust Dated 9/18/1996, Respondents,**

**v.**

**Robert J. BRAND, II, and Mary A. Brand, Appellants.**

**No. 28250.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 19, 2008.

Petition for Rehearing or Transfer Denied March 12, 2008.

Application for Transfer Denied April 15, 2008.

Craig F. Lowther, Lowther Johnson, LLC, Springfield, for appellants.

Daniel E. Kirsch, Kirsch Law Office, LLC, Kimberling City, for respondents.

DANIEL E. SCOTT, Judge.

This appeal involves a roadway known as Corewood Lane. It runs through property owned by Victor and Deanna Tinnes from 1977–96; by their daughter and son-in-law ("the Ebys") from 1996–2002; and since 2002 by respondents ("defendants").

The Tinneses ran a lakefront resort on the property. Corewood Lane (then called "0010C") was the access road through their property to the resort site and lakefront. When the Tinneses sold the resort to the Ebys in 1996, they retained four acres on the property's north side. They built a home there, where they still live, and a driveway leading to Corewood Lane.[1] They later deeded their property to a trust, for which respondents ("plaintiffs") are trustees.

Defendants bought the resort in 2002 and started obstructing Corewood Lane with tree limbs, boats, and open ditches. They also removed asphalt pieces (which they claimed at trial were broken) from the paved road, after which parts of the road eroded and washed away. Defendants admit they trimmed some tree limbs on the Tinnes property.

Plaintiffs filed suit for a declaratory judgment that Corewood Lane was "a road easement for Plaintiffs, and the public," or alternatively that plaintiffs had the right to use it as an easement appurtenant to their residential property. They also sought an injunction requiring defendants to repair the road, and not damage or obstruct it in the future, plus actual and punitive damages. At the end of the bench trial, over defendants' objection, the court granted plaintiffs' oral motion to conform the pleadings to "all of the duly admitted evidence and testimony in this matter." The court thereafter entered judgment:

1. declaring the entire length of Corewood Lane "dedicated to the public for use as a roadway;"
2. ordering defendants to repair and repave the road at their own expense, and enjoining them from damaging or barricading the road or otherwise interfering with its use by plaintiffs or the public;
3. awarding $100 actual damages against defendants for obstructing and damaging the road;
4. awarding trespass damages of $250, "trebled according to law" to $750, for defendants' cutting of trees and limbs on plaintiffs' property; and
5. awarding plaintiffs $100 attorney fees.

Defendants appeal all these rulings, except the attorney fee award.

### Public Dedication of Road

Defendants claim there was insufficient evidence to show the road was dedicated to public use. We agree. Of the several ways to establish a public road,[2] only implied or common-law dedication arguably applies here. That theory's three elements are: (1) the landowner's unequivocal intent to dedicate the land to public use; (2) public acceptance; and (3) public use. *Whittom v. Alexander–Richardson Partnership,* 851 S.W.2d 504, 507–08 (Mo. banc 1993); *Connell v. Jersey Realty & Investment Co.,* 352 Mo. 1122, 180 S.W.2d 49, 52 (1944); *Shapiro Bros., Inc. v. Jones–Festus Properties, L.L.C.,* 205 S.W.3d 270, 277 (Mo.App.2006). Plaintiffs' claim fails on the element of intent.

The landowner's intent to set apart land for public use is the foundation of common law dedication. *Shapiro Bros.,* 205 S.W.3d at 277, *citing Connell,* 180 S.W.2d at 52. Such intent must be unequivocally manifested, expressly or by plain implication. *Id.* The owner's acts or

1. There also is property access via a recorded 20-foot road easement on the east side; thus, Corewood Lane is not the only way to the Tinnes home.

2. *See Thomas v. King,* 160 S.W.3d 445, 449 n. 4 (Mo.App.2005).

declarations must convincingly demonstrate a purpose to create a public right to the land adverse to himself. *Id.* Common law dedication requires the landowner to do "something by act or by word which would unequivocally point to but one conclusion, namely, that the owner *intended to dedicate* to public use." *Connell,* 180 S.W.2d at 53. As this court once stated:

> [W]hen divestiture of a citizen's property in favor of the public is sought to be established in pais, the proof should be so convincing, full, persuasive and cogent as to leave no reasonable doubt of the existence of the owner's consent or intent, and the acts relied upon must not be consistent with any construction other than that of a dedication.

*McIntosh v. City of Joplin,* 486 S.W.2d 287, 290 (Mo.App.1972).

The clearest and seemingly only direct evidence on this issue was plaintiff Deanna Tinness testimony *denying* the requisite intent:

> Q: You didn't dedicate this road to the public, did you?
>
> A: No.[3]
>
> Q: And the people that you let use your road, you let use the road down to the lake, is that correct?
>
> A: Yes.
>
> ....
>
> Q: Okay. And you individually kept up that road and paid for the maintenance of the road, correct?
>
> A: Yes. When we had the resort.

Plaintiffs claim the prior resort owners never barricaded the road; that this shows they intended to dedicate the road to the public; and that the Tinneses and Ebys "intended that the road be used by the public." Permissive user and failure to barricade may be persuasive in some cases, especially if there is no direct evidence of intent, which was not the case here. But they mean little when we consider an access road through private property leading to a resort on the same property. A resort owner's desire for the public to *use* an access road to reach the resort does not equate with, or necessarily evince, an intent to *give* the public ownership of that road without compensation.

The record presented does not "convincingly demonstrate" that any landowner meant to create public rights in Corewood Lane adverse to the owner's own rights, nor "unequivocally" manifest and point to this as the only possible conclusion. This compels us to reverse the trial courts declaration that Corewood Lane is dedicated to the public use, and its corresponding injunction as to use thereof by plaintiffs and the public.[4]

**Damages**

Those parts of the judgment awarding $100 damages for road obstruction and damage, and ordering defendants to repair and repave the road at their expense, hinge on the road belonging to the public, rather than defendants, and must be reversed as well.[5]

█ As to the $250 trespass award, "trebled according to law" to $750, we agree with defendants that (1) the evidence shows only that they cut plaintiffs' tree limbs, not any whole trees, and (2)

3. Plaintiffs also called a surveyor, who testified that he reviewed the deeds and found "no dedicated road to the public."

4. Thus, we need not consider defendants' other challenges to this declaration, or to the trial court's amendment of the pleadings at the end of the trial.

5. Moreover, if this was public property, we would be skeptical that individual citizens had standing to prosecute such claims.

there was no evidence as to damages. However, we agree with plaintiffs that (1) defendants admitted the trespass, and (2) plaintiffs are entitled to nominal damages, even if they proved no actual damage. *See Kelley v. Kelly Residential Group, Inc.,* 945 S.W.2d 544, 553 (Mo.App.1997); *Vecchiotti v. Tegethoff,* 745 S.W.2d 741, 745 (Mo.App.1987). The parties dispute whether $250 is "nominal." It is not, given the trial court's lesser award of $100 actual damages on another claim. *Kelley* and *Vecchiotti* authorized $1 nominal damage awards in the absence of actual damage proof. Given those examples, and defendants' statement at oral argument that they do not object to that sum, the judgment should be modified to reflect a $1 nominal damage award on plaintiffs' trespass claim.

## Conclusion

Pursuant to Rule 84.14, which directs us to give such judgment as the trial court should have given, we reverse the judgment and remand the case to the trial court with instructions to enter judgment for plaintiffs and against defendants for $1 nominal damages for trespass, plus $100 attorney fees and court costs, but against plaintiffs and in favor of defendants on all other claims.

PARRISH, P.J., and BATES, J., concur.